OPINION
In 1986, both appellant, Donald Battes, and appellee, Janet Battes, filed complaints for divorce in the Lake County Court of Common Pleas, Domestic Relations Division. After the trial court entered a judgment of divorce on August 24, 1989, appellant filed an appeal alleging that the trial court erred by adopting an October 14, 1987 referee's report that was inconsistent with the findings of fact and conclusions of law that it had issued. InBattes v. Battes (Feb. 22, 1991), Lake App. No. 89-L-14-126, unreported, this court held that:
 "the trial court's findings of fact and conclusions of law and the judgment of divorce are inconsistent in that they arrive at opposite conclusions regarding the treatment of the Lorain Grill. In the judgment, the trial court treats the Lorain Grill as a marital asset; while in its findings of fact and conclusions of law, the trial court treats the Lorain Grill as nonmarital property.
 "* * * [T]he matter of property settlement is reversed and remanded to the trial court so that any differences, misstatements or inconsistencies may be resolved."
After the parties moved for a clarification of the February 22, 1991 opinion and a judgment entry, this court wrote: "hence, to reiterate, the purpose of the remand is limited to the correction of the discrepancy of whether the Lorain Grill is a marital or non-marital asset and to any change in the distribution of the remaining assets that may result after the discrepancy is resolved." On remand, the matter was referred to a magistrate to determine whether the property located at 13000 Lorain Avenue in Madison, Ohio, known as the Lorain Grill, was a marital or non-marital asset. On September 24, 1996, the magistrate filed a decision in which he concluded that the Lorain Grill was a non-marital asset. The magistrate scheduled a hearing for January 3, 1997 to determine whether the distribution of the remaining assets needed to be adjusted. The magistrate ordered the parties' counsel to provide written briefs indicating the value of the assets received by each party under the divorce decree and the effect on the property distribution of a finding that the Lorain Grill is a non-marital asset. Only counsel for appellee filed a written brief as requested by the magistrate.
After a hearing took place, the magistrate issued another decision on January 28, 1998, which stated in part: "upon reevaluating the testimony, the arguments and the law, this writer concludes that the original determination by the referee that the Lorain Grill was a marital asset was indeed the correct determination. Therefore, this writer's interim finding of December 24, 1996 to the contrary is vacated as erroneous and not in conformity with the law and the record as presented." Appellant filed objections to the magistrate's decision, which were overruled by the trial court on September 2, 1998. The trial court adopted the magistrate's decision and ordered that the Lorain Grill be sold and the proceeds be equally divided between the parties. From this judgment, appellant filed a timely appeal assigning the following error:
 "The magistrate erred, as a matter of law, by reversing himself over one year after his first decision, without notice to the parties or counsel that he was considering doing so, and without timely objections having been filed by either party, thereby violating plaintiff/appellant's due process."
In his sole assignment of error, appellant contends that because no objections were filed after the magistrate's first decision finding that the Lorain Grill was a non-marital asset, that decision must stand unless the trial court found an error of law or other defect in the magistrate's decision. He argues that his due process rights were violated because the magistrate decided an issue in his favor and then reversed himself without giving appellant the opportunity to provide supplemental information to the magistrate.
Civ.R. 53(E)(4)(a) governs magistrate's decisions and provides, in part:
 "The magistrate's decision shall be effective when adopted by the court. The court may adopt the magistrate's decision if no written objections are filed unless it determines that there is an error of law or other defect on the face of the magistrate's decision."
Contrary to appellant's contention, Civ.R. 53(E)(4) merely states that a trial court may adopt a magistrate's decision if no written objections are filed; the rule does not provide that a magistrate's decision must stand if no written objections are filed and the trial court does not determine that there is an error of law or other defect on the face of the magistrate's decision. We can speculate that the reason why the trial court did not adopt the magistrate's first decision was because the magistrate had not finished determining the division of the parties' assets.
Because a magistrate's decision is not effective until it is adopted by the trial court, the magistrate's first decision had no bearing on the parties. Although appellant claims that he would have presented additional information in support of his position if he would have known that the magistrate's decision was subject to change, the judgment was not determined by the magistrate's vacation of his first decision. The magistrate's change of mind after his first decision did not affect appellant's right to object or otherwise be heard. In fact, appellant filed objections to the magistrate's second decision, and the trial court considered appellant's objections before it entered its judgment. Because a magistrate's decision is not effective until it is adopted by the trial court, we cannot conclude that appellant's due process rights were violated by the magistate's vacation of his first decision. Appellant's sole assignment of error has no merit.
For the foregoing reasons, the judgment of the Lake County Court of Common Pleas, Domestic Relations Division, is affirmed.
FORD, P.J., CHRISTLEY, J., concur.